# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| COURTLAND DEWAYNE LINDSAY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 6:14-cv-668-MHS-JDL |
| § | |
| TURNER CONSTRUCTION OFFICE, § | |
| § | |
| Defendant. § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was assigned to United States Magistrate Judge John D. Love pursuant to General Order 14-10 and referred pursuant to 28 U.S.C. § 636. The report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration (Doc. No. 6). The report recommends that the complaint be dismissed with prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(1) and (6) and 28 U.S.C. § 1915(e)(2); that Plaintiff's motion to proceed *in forma pauperis* be denied (Doc. No. 2); and that a sanction of $100.00 be imposed on Mr. Lindsay, such that the Clerk shall not accept any new filings from Courtland Dewayne Lindsay until the sanction has been paid in full.

Plaintiff filed an Objection to the Report and Recommendation (Doc. No. 13), a Motion to Notify (Doc. No. 7), a Motion for Reconsideration of Non-Dispositive Motions (Doc. No. 8), a Motion for Providing Notice and Means for the Lack of an Entry (Doc. No. 10), a second Motion to Notify (Doc. No. 11), a Motion to Add and Correct Additional Attachments (Doc. No. 14), and a

Motion to Correct Address (Doc. No. 15). The Court considers these motions together as Plaintiff's written objections.

Having made a *de novo* review of the written objections filed by Plaintiff, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. The Court notes that the Magistrate Judge mistakenly referenced Plaintiff's complaint from a separate case in the analysis section of the report. Nevertheless, the Court agrees with the reasoning and conclusions of the Magistrate Judge. Plaintiff's actual stated complaint is deficient for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Plaintiff's written objections do not contradict this finding. Furthermore, Mr. Lindsay's numerous frivolous lawsuits, fully outlined in the Report and Recommendation, "clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Such behavior cannot be condoned.

In light of the above, it is

**ORDERED** that the Motion to Proceed *In Forma Pauperis* is **DENIED** (Doc. No. 2) and the Complaint is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(1) and (6). Plaintiff is **SANCTIONED** in the amount of $100.00. The sanction is independent of any sanction imposed in any other case. The Clerk is directed not to accept any new filings from Courtland Dewayne Lindsay until any and all monetary sanctions have been paid in full.

Any motion not previously ruled on is **DENIED**.

**SIGNED this 23rd day of January, 2015.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE